**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3869-16T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MAX YVES MERLAIN,

    Defendant-Appellant.

_____

Submitted September 13, 2018 – Decided  October 23, 2018

Before Judges Simonelli and Whipple.

On appeal from Superior Court of New Jersey, Law Division, Union County, Indictment No. 06-05-0421.

Max Yves Merlain, appellant pro se.

Michael A. Monahan, Acting Union County Prosecutor, attorney for respondent (James C. Brady, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Max Yves Merlain appeals from the March 15, 2017 Law Division order, which denied his third petition for post-conviction relief (PCR). We affirm.

Following a jury trial, defendant was convicted of first-degree murder, N.J.S.A. 2C:11-3(a)(1), and second-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a). The charges stemmed from the murder of the two-year-old son of defendant's girlfriend. On September 5, 2008, the trial court imposed a forty-five-year term of imprisonment on the murder charge with an eighty-five percent period of parole ineligibility pursuant to the No Early Release Act, N.J.S.A. 2C:43-7.2. The court also imposed a concurrent eight-year term of imprisonment with a four-year period of parole ineligibility on the endangering charge.

Defendant appealed his conviction and sentence. We affirmed, State v. Merlain, No. A-2294-08 (App. Div. Mar. 26, 2012), and the Supreme Court denied certification. State v. Merlain, 212 N.J. 287 (2012).

On December 10, 2012, defendant timely filed his first PCR petition pro se, alleging ineffective assistance of trial and appellate counsel. He was subsequently represented by counsel on the petition. On February 19, 2014, the

2

PCR court denied the petition. The PCR court found defendant's claims as to trial counsel were "unsubstantiated," "inaccurate," and "unsustainable," were "unpersuasive" and "without merit" as to appellate counsel. We affirmed, State v. Merlain, No. A-3775-13 (App. Div. June 21, 2016), and the Court denied certification. State v. Merlain, 228 N.J. 45 (2016).

While his appeal was pending, on October 28, 2015, defendant filed a second PCR petition pro se, alleging ineffective assistance of PCR counsel. Defendant asserts in this appeal that the court denied the second PCR petition without prejudice due to the pending appeal; however, he did not provide a confirming order or the date of the alleged denial. Nevertheless, his appeal of the denial of his first PCR petition did not stay or toll the time to file the second PCR petition. See R. 3:22-12(b) ("These time limitations shall not be relaxed, except as provided herein"); cf. State v. Milne, 178 N.J. 486, 494 (2004) (Calculation of the five-year period under Rule 2:22-12 is neither stayed nor tolled by appellate proceedings).

Accordingly, the second PCR petition was untimely under Rule 3:22-12(a)(2)(C) because it alleged ineffective assistance of PCR counsel on the first PCR petition and was filed more than one year after the date of the denial of the

first petition. The second PCR petition was also barred under Rule 3:22-4(b)(1) because it was untimely under Rule 3:22-12(a)(2)(C).

On December 6, 2016, defendant filed a third PCR petition pro se, alleging ineffective assistance of first PCR counsel and PCR appellate counsel.[1] On March 15, 2017, the PCR court denied the petition as untimely under Rule 3:22-12(a)(2)(C) and barred under Rule 3:22-4(b). This appeal followed.

On appeal, defendant raises the following contentions:

> POINT ONE
>
> THE LOWER COURT ERRED IN RULING THAT APPELLANT'S SECOND PCR WAS TIME BARRED, AND [RULE] 3:22-12(a)(2)(C) IS UNCONSTITUTIONAL, INVALID AND VOID-FOR-VAGUENESS, THEREBY VIOLATING HIS CONSTITUTIONAL RIGHTS OF DUE PROCESS AND THE EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND PROVISION OF THE NEW JERSEY CONSTITUTION. [(Not Raised Below)].
>
> A. [Rule] 3:22-12(a)(2)(C) Does Not Bar Appellant's Second PCR.
>
> B. Court Rule 3:22-12(a)(2)(C) is Void-For-Vagueness.

---

[1] Defendant claims this was a "refiling" of his second PCR petition; however, it was a third PCR petition that raised additional claims against PCR appellate counsel.

POINT TWO

PURSUANT TO [RULE] 2:7-2, APPELLANT WAS ENTITLED TO COUNSEL ON HIS FIRST PCR, HOWEVER, HE DID NOT HAVE A FIRST PCR COUNSEL, WHICH DEPRIVED HIM OF DUE PROCESS OF LAW AND EFFECTIVE ASSISTANCE OF FIRST PCR APPELLATE COUNSEL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION.

POINT THREE

ENFORCEMENT OF ANY TIME BAR PURSUANT TO RULE 3:22-12[(a)](2)(C) WOULD LEAD TO A FUNDAMENTAL INJUSTICE BECAUSE APPELLANT HAS SUBSTANTIAL ISSUES OF MERIT THAT PCR APPELLATE COUNSEL, PCR, TRIAL AND DIRECT APPEAL COUNSELS FAILED TO RAISE DESPITE COUNSELS BEING TOLD TO RAISE THEM BY APPELLANT, THEREBY DENYING [HIM] THE RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL, RIGHT TO CONFRONT WITNESSES, DUE PROCESS OF LAW AND A FAIR TRIAL, IN VIOLATION OF THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

> Defendant Max Yves Merlain Is Actually Innocent Of Murder, And There Was Insufficient Evidence To Support The Murder Conviction, Or In The Alternative, The Jury Verdict Was Against The Weight Of The Evidence.

5

Appellant Max Yves Merlain Was Denied His Right To Confront Witnesses Against Him When The State Presented Dr. Zhongxue Hua At Trial, But Failed To Produce The Medical Examiner, Dr. Leonard Zaretski, Who Performed The Autopsy and Ruled The Death of J.G.M. "A Natural Happening" And "Accidental", In Violation Of The Sixth And Fourteenth Amendments to The United States Constitution And [Art. I, ¶ 10] Of The New Jersey Constitution.

Defendant's arguments in Point III regarding trial errors are procedurally barred under Rule 3:22-5, as they were previously addressed in his direct appeal. They are also barred under Rule 3:22-4, as they could and should have been raised on direct appeal. We have considered defendant's remaining arguments in light of the record and applicable legal principles and conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). However, we make the following brief comments.

The third PCR petition was untimely as to first PCR counsel under Rule 3:22-12(a)(2)(C) and barred under Rule 3:22-4(b). Even if not untimely, defendant failed to establish a prima facie claim of ineffective assistance of counsel. "[I]n order to establish a prima facie claim, a petitioner must do more than make bald assertions that he was denied the effective assistance of counsel. He must allege facts sufficient to demonstrate counsel's alleged substandard

6

performance." <u>State v. Cummings</u>, 321 N.J. Super. 154, 170 (App. Div. 1999). Where, as here, a petitioner claims his attorney failed to properly investigate, "'he must assert the facts that an investigation would have revealed, supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification.'" <u>State v. Porter</u>, 216 N.J. at 343, 353 (2013) (quoting <u>Cummings</u>, 321 N.J. Super. at 170).

Defendant makes nothing but bald assertions that PCR counsel, as well as PCR appellate counsel, rendered ineffective assistance. Defendant filed his second and third PCR petitions pro se and provided no affidavits or certifications, including his own, to support his claims against either counsel.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3869-16T2